IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES BAGLEY, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 2:18-CV-56-D-BR |
| § | | |
| ALLSTATE FIRE AND CASUALTY § | | |
| INSURANCE COMPANY, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Allstate Fire and Casualty Insurance Company's ("Allstate") Motion for Summary Judgment, filed on October 17, 2018. Allstate's Motion raises two questions: (1) whether Allstate established that Bagley is estopped from bringing breach of contract claims because Allstate timely paid the appraisal award, and if so, (2) whether timely payment of the appraisal award precludes Bagley's contractual and extracontractual claims. Because the Court finds a genuine issue of material fact exists regarding whether the appraisal award was timely paid, the Court recommends the motion be DENIED.

**I.   FACTUAL BACKGROUND**

It is undisputed that Bagley had homeowner's insurance through Allstate and that a hailstorm damaged his residence on November 16, 2015. [ECF 17-2 at 7, 18-1 at 1]. Allstate inspected Bagley's property on December 20, 2015 and again on July 13, 2016. [ECF 17-1 at 4, 17-2 at 7, 18-1 at 1]. Allstate found hail damage to Bagley's roof and provided an estimate prepared on its behalf. [ECF 17-1 at 4, 17-2 at 8, 18-1 at 1]. Bagley provided an estimate of $253,948.94, which differed in scope and pricing from Allstate's estimate. [ECF 17-1 at 4, 17-2 at 8]. Allstate

paid $67,084.55 after applying the $5,045.19 deductible. *Id*. This amount consisted of $38,540.64 for dwelling loss and $28,543.91 for other structure loss. *Id*.

Bagley sent Allstate a demand letter on November 5, 2017 and filed suit on February 26, 2018 alleging breach of contract, Insurance Code violations, and Deceptive Trade Practices Act ("DTPA") violations. [ECF 17-1 at 4, 17-2 at 8, 18-1 at 1–2]. Allstate removed the case to this Court on March 29, 2018. [ECF 1]. Allstate then invoked appraisal based on the parties' disagreement on the amount of loss, and a binding appraisal award was signed on June 20, 2018. [ECF 17-1 at 4, 88, 17-2 at 8, 18-1 at 2]. The appraisal award represented the replacement cost value of $363,417.47 and actual cash value of $158,912.20. [ECF 17-1 at 88, 17-2 at 8, 18-1 at 2]. Allstate paid $86,782.65, after accounting for the deductible, depreciation, and amounts previously paid. [ECF 17-1 at 4, 17-2 at 8, 18-1 at 2].

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party has shown that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Church on the Rock North v. Church Mutual Ins. Co.*, No. 3:10–CV–0975–L, 2013 WL 497879, at *4 (N.D. Tex. Feb. 11, 2013) (citing *Matsushita Elect. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986)).

However, "if the movant bears the burden of proof on an issue, as the plaintiff or as a

defendant asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Id*. (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original)). "To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Sheffield v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:17-CV-00471-O-BP, 2018 WL 4076513, at *2 (N.D. Tex. Aug. 3, 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the record as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine dispute for trial exists. *Church on the Rock North*, No. 3:10–CV–0975–L, 2013 WL 497879, at *4. Conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and are insufficient to defeat a motion for summary judgment. *Id*. (internal citations omitted).

### III. ALLSTATE'S GROUNDS FOR SUMMARY JUDGMENT

Allstate moves for summary judgment with one main contention. Allstate argues that its timely payment of the appraisal award precludes Bagley's contractual and extracontractual claims as a matter of law. [ECF 17-2 at 10–11]. Allstate cites numerous cases to support its argument that full payment of the appraisal award satisfies every requirement of the contract and sets the amount of loss, which precludes contractual and extracontractual claims. [ECF 17-2 at 10–12]. Bagley claims Allstate cannot meet its summary judgment burden as to Bagley's contract claims because it has not offered any summary judgment evidence of when the award payment was tendered, only evidence of when the check was made and negotiated. [ECF 18-1 at 2]. Regardless, Bagley claims his extracontractual claims remain viable after payment of the appraisal

award based on the Texas Supreme Court's *Menchaca* decision.[1] [ECF 18-1 at 5]. In its Reply, Allstate argues that the date the check was made is evidence Allstate timely tendered payment and distinguishes *Menchaca* from the facts of this case. [ECF 22 at 4]. The Court held oral argument on the Motion for Summary Judgment, Response, and Reply on January 4, 2019.

### IV.   BAGLEY'S BREACH OF CONTRACT CLAIMS

Allstate seeks summary judgment on Bagley's breach of contract claims based on its "full and timely payment of the appraisal award under the policy." [ECF 17-2 at 13]. "In Texas, a breach of contract claim requires proof four elements: (1) the existence of a valid contract, (2) plaintiff's performance of duties under the contract, (3) defendant's breach of contract, and (4) damages to the plaintiff resulting from the breach." *Hall Arts Center Office, LLC v. Hanover Ins. Comp.*, 327 F. Supp. 3d 979, 993 (N.D. Tex. 2018) (Fitzwater, J.) (internal quotations and citations omitted).

Allstate's summary judgment argument is one of estoppel, which is an affirmative defense. *See Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, No. 11–20221, 2012 WL 181413, at *2 (5th Cir. Jan. 24, 2012); Fed. R. Civ. Proc. 8(c). Allstate has the burden of establishing the essential elements of estoppel because it is the summary judgment movant and party asserting the defense. *Church on the Rock North*, No. 3:10–CV–0975–L, 2013 WL 497879, at *6. The three elements required to establish estoppel of a breach of insurance contract claim are: "(1) a binding and enforceable appraisal award exists; (2) the insurer *timely* pays the appraisal award; and (3) the insured accepts the payment." *Cody v. Am. Bankers Ins. Co. of Fla.*, No. 2:14-CV-00187-J, 2015 WL 6460007, at *2 (N.D. Tex. Oct. 21, 2015) (emphasis added) (citing *Blum's Furniture Co.*, No. 11–20221, 2012 WL 181413, at *3).

It is undisputed that the appraisal award was signed on June 20, 2018, and the award check

---

[1] *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018).

was dated and signed on June 21, 2018. [ECF 18-1 at 11, 22 at 4]. It is also undisputed that the check was date-stamped and negotiated on August 20, 2018. *Id*. The exact day Allstate tendered the check to Bagley, however, is unclear. Allstate claims the check was tendered the same day it was made and signed—June 21st. Allstate offers only the dated check as proof of when it was tendered. [ECF 17-1 at 89]. Neither the parties' pleadings and evidence nor oral argument shed any light on the date the check was tendered. There is no dated letter transmitting the check, postmarked envelope, or date-stamped email that offers any clue. Bagley astutely notes this in his Response. [ECF 18-1 at 2] ("Allstate cannot meet its summary judgment burden with regard to Bagley's contract claim because it has not offered any summary judgment evidence of *timely* payment.") (emphasis in original). Allstate claims this argument is a "deflection" and points out in its Reply that Bagley "never actually argues that Allstate's award payment was late." [ECF 22 at 5].

What is apparently disputed is who has the burden to show timeliness and whether the dated and signed check is sufficient to show timely payment. First, it is clear that it is the *insurer's* burden to establish the elements of estoppel, which includes whether payment of an appraisal award was timely. *Church on the Rock North*, No. 3:10–CV–0975–L, 2013 WL 497879, at *6. Thus, Allstate has the burden to show it timely paid the appraisal award. Second, Bagley's Response correctly states that the issue is determined by the parties' agreement. [ECF 18-1 at 3]; *Church on the Rock North*, No. 3:10–CV–0975–L, 2013 WL 497879, at *6 (internal citation omitted). Allstate does not point the Court to a provision in the policy that governs when an appraisal award must be paid, nor does Bagley make any argument regarding which part of the policy govern timeliness.[2]

---

[2] The Court notes at least one provision that *could* govern payment of the appraisal award. Page 20 of the insurance policy contains a section titled Our Settlement of Loss. [ECF 17-1 at 57]. The section requires payment of a claim

Nevertheless, Allstate's argument still fails based on the evidence in the record. In *Church on the Rock*, the Court held that it "lack[ed] sufficient information" to determine whether payment was timely because there was "no evidence of when [the] payment was made," despite evidence of when the checks were received. *Id*. at *9. Thus, a genuine dispute of material fact existed as to whether the award payment was timely. *Id*. The date Allstate's check was made is not evidence of when it was tendered because *Church on the Rock* distinguishes dates such as when a check is cut or received from the date the check is tendered or payment is actually made.[3] *See id*. ("CIMC does not state whether the date North Church received the payment is the same date the payment was made; nor is there any evidence of when the payment was made.").

A recent case addressing the same argument is instructive. In *Braden*, defendant Allstate sought summary judgment on plaintiff's breach of contract claims based on its timely payment of the appraisal award. *Braden v. Allstate Vehicle and Prop. Ins. Co.*, No. 4:18-cv-00592-O, 2019 WL 201942, at *3 (N.D. Tex. Jan. 15, 2019). In response, plaintiff argued that summary judgment on her breach of contract claims was inappropriate because defendant Allstate provided no admissible evidence it made the appraisal award. Plaintiff emphasized that the evidence showed only "the date two checks were allegedly *issued*—not the date the checks were actually sent." *Id*. (emphasis in original). The court stated, "Through affidavit testimony, Steven Mielke, states that

---

within five business days of notification that Allstate will pay the claim, or within five business days after the insured performs an act required to receive payment. *Id*. Given the large timeline here (60 days between the date the check was made and signed and the date the check was negotiated), it is within the realm of possibility that Allstate did not tender the check within five days of notifying Bagley it would pay the appraisal award, or within five days of Bagley performing an act required to receive payment of the award. Even if the Court could discern what provision controls, there would still be insufficient evidence to determine whether the award was timely paid under the insurance policy.
[3] The concept that the date of tender is the date payment is transmitted from one party to the other is not a new one. The Supreme Court held in 1892 that plaintiff's letter and postal card mailed on a specific date that transmitted $5 to defendant was competent evidence showing that the "payment…was, in fact, made or tendered." *Hartford Life & Annuity Ins. Co. v. Unsell*, 144 U.S. 439, 447 (1892). The *Unsell* Court did not rely on the date plaintiff withdrew the funds from the bank, but instead held that the date of tender was the date the check and enclosed funds were mailed. Similarly, in this case, the Court requires evidence of when the check was transmitted to Bagley. Evidence of when the check was issued shows nothing more than the date Allstate obtained the funds in preparation to tender payment.

Allstate mailed Check No. 115624373 in the amount of $899.47 on September 28, 2018…Additionally, Defendant provides a copy of Allstate's financial log payment summary sheet with the check number, issue date, and Plaintiff's address." *Id*. at *4. Based on this evidence, the court found Allstate was entitled to summary judgment on plaintiff's breach of contract claims. *Id*. The significance of *Braden* is that the court cited Allstate's affidavit testimony providing an exact date the check was mailed to plaintiff. The court relied on more than simply the date the check was issued in determining defendant was entitled to summary judgment on plaintiff's breach of contract claims.

As previously stated, there is no evidence showing the date Allstate tendered the check. Thus, Allstate has failed to show the second element of its estoppel affirmative defense, that the insurer *timely* paid the appraisal award, because it has not offered any evidence of when it tendered the check to Bagley. Thus, the undersigned finds that a genuine issue of material fact exists as to Allstate's estoppel affirmative defense, and recommends Allstate's motion for summary judgment on Bagley's breach of contract claims be denied.

### V.    BAGLEY'S TEXAS INSURANCE CODE/DTPA CLAIMS

Allstate challenges Bagley's claims under the Insurance Code and DTPA on one ground. Allstate argues that "[b]ecause there has been no breach of contract…Plaintiff's extracontractual claims also fail as a matter of law." [ECF 17-2 at 16]. Allstate's argument as to these claims relies on its success in defeating Bagley's breach of contract claims.[4] The Court's determination that

---

[4] The Court is mindful of its *Notice and Order to Appear for Oral Argument* concerning the applicability of *Menchaca* to the claims and defenses in this case. [ECF 25]. At the outset of the hearing, the Court alerted the parties that since the issuance of its order, the Court recognized issues raised in the briefing regarding timeliness of payment of the appraisal award. Judge Lindsay's opinion in *Church on the Rock* addresses an insurer's burden to establish timely payment. *Church on the Rock North*, No. 3:10–CV–0975–L, 2013 WL 497879, at *6. The opinion speaks to the parties' arguments regarding timeliness of payment—whether evidence of when the check was negotiated is sufficient to show when the check was tendered. Like the insurer in *Church on the Rock*, Allstate's ground for summary judgment on Bagley's extracontractual claims relies on its estoppel defense, making timeliness of payment a threshold issue. *Church on the Rock North*, No. 3:10–CV–0975–L, 2013 WL 497879, at *10, 12. Based on the evidence in the

Allstate is not entitled to summary judgment on its estoppel defense moots Allstate's argument that timely payment of the appraisal award (an element of estoppel) precludes Bagley's extracontractual claims. *See Church on the Rock North*, No. 3:10–CV–0975–L, 2013 WL 497879, at *10–12. Counsel for both parties noted the gravity of a decision regarding the viability of these claims during oral argument. Counsel argued whether extracontractual claims survive an insurer's payment of a claim, or in this case an insurer's payment of an appraisal award, is a somewhat unsettled area of the law. The Texas Supreme Court recently attempted to clarify the basic principles in this area of the law but did not discuss their applicability in a post-appraisal situation. *See USAA Texas Lloyds Co. v. Menchaca*, No. 14-0721, ___ S.W.3d ___, 2017 WL 1311752 (Tex. Apr. 7, 2017), *reh'g granted* (Dec. 15, 2017), *opinion withdrawn and superseded*, 545 S.W.3d 479 (Tex. 2018).

Although the parties devoted most of their briefing and oral argument to whether Bagley's extracontractual claims remain viable post-appraisal, this issue is not ripe for the Court to decide. Further factual development may determine the appraisal award was not timely paid, a fact that would render Allstate's argument as to these claims moot. *See Don't Dismyabilities, Inc. v. City of Dallas*, No. 3:17-CV-3026-L, 2017 WL 5626330, at *2 (N.D. Tex. Nov. 21, 2017). The Court finds Allstate's motion for summary judgment as to Bagley's claims under the Texas Insurance Code and DTPA is moot because Allstate failed to establish estoppel, upon which its ground for summary judgment rested. Allstate's motion for summary judgment on these claims should be denied.

## VI.  BAGLEY'S ATTORNEY'S FEES CLAIM

Because summary judgment is inappropriate on Bagley's claims, Allstate's motion for

---

record, this threshold issue prevents the Court from considering the parties' arguments regarding Bagley's extracontractual claims and *Menchaca's* applicability.

summary judgment on Bagley's claim for attorney's fees under the Texas Civil Practice and Remedies Code and the Texas Insurance Code is denied.

## VII.     RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that Defendant's Motion for Summary Judgment [ECF 17] be DENIED.

## VIII.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 22, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* FED. R. CIV. P.  6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).